# United States Court of Appeals

## For the First Circuit

No. 18-2201

JONATHAN REISMAN,

Plaintiff, Appellant,

v.

ASSOCIATED FACULTIES OF THE UNIVERSITY OF MAINE; UNIVERSITY OF
MAINE AT MACHIAS; BOARD OF TRUSTEES OF THE UNIVERSITY OF MAINE;
and THE STATE OF MAINE,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Jon D. Levy, U.S. District Judge]

Before

Thompson, Selya, and Barron,
Circuit Judges.

Andrew M. Grossman, with whom Richard B. Raile, Renee M.
Knudsen, BakerHostetler LLP, Robert Alt, Daniel Dew, and The
Buckeye Institute were on brief, for appellant.
Jacob Karabell, with whom John M. West, Bredhoff & Kaiser,
P.L.L.C., Jason Walta, and National Education Association were on
brief, for appellee Associated Faculties of the University of
Maine.
Linda D. McGill, with whom Tara A. Walker and Bernstein, Shur,
Sawyer & Nelson, P.A. were on brief, for appellees University of
Maine at Machias and Board of Trustees of the University of Maine.
Susan P. Herman, Deputy Attorney General, with whom Aaron M.
Frey, Attorney General, and Christopher C. Taub, Assistant
Attorney General, were on brief, for appellee State of Maine.

October 4, 2019

BARRON, **Circuit Judge**.  Jonathan Reisman, an economics professor at the University of Maine at Machias, seeks to invalidate a Maine statute that governs collective bargaining between the state's university system and its faculty on the ground that the statute violates the First Amendment of the United States Constitution.  The District Court granted the defendants' motion to dismiss.  We affirm.

## I.

The Maine statute that Reisman challenges is the University of Maine System Labor Relations Act, Me. Stat. tit. 26, §§ 1021-1037.  Enacted in 1975, the statute is modeled on the National Labor Relations Act, 29 U.S.C. §§ 151-169, and extends collective bargaining rights to employees of the state's universities.

The statute divides university employees into various "bargaining units" based on their occupational groups.  See tit. 26, § 1024-A.  The faculty in the university system make up one particular bargaining unit, while "[s]ervice and maintenance" employees, for example, constitute another.  Id.

To facilitate labor negotiations, the statute provides, among other things, that a union that receives majority support within "a bargaining unit shall be recognized by the university, academy or community colleges as the sole and exclusive bargaining agent for all of the employees in the bargaining unit."  Id.

- 3 -

§ 1025(2)(B). Once so recognized, that union is the bargaining unit's exclusive agent to bargain with the university system "with respect to wages, hours, working conditions and contract grievance arbitration." Id. § 1026(1)(C).

No employee bears an obligation to join a union, see id. § 1023, and, after Janus v. American Federation of State, County, & Municipal Employees, Council 31, 138 S. Ct. 2448 (2018), nonmember employees are not obliged to pay agency fees to the union that serves as their bargaining unit's bargaining agent. However, the statute does provide that the bargaining agent "is required to represent all . . . employees within the unit without regard to membership in the organization." tit. 26, § 1025(2)(E).

The Associated Faculties of the Universities of Maine ("AFUM" or "the Union") has represented the faculty bargaining unit for Reisman's university since 1978. Reisman "resigned his membership in [AFUM] because he opposes many of the positions [AFUM] has taken, including on political and policy matters." (Internal quotation and citation omitted).

On August 10, 2018, Reisman filed a complaint in the United States District Court for the District of Maine. His complaint alleges that the statute violates his First Amendment rights because, "[b]y designating the Union as [his] exclusive representative," the statute necessarily "compels [him] to associate with the Union[,] . . . compels [him] to speak and to

- 4 -

petition government, . . . [and] attributes the Union's speech and petitioning to [him]." Reisman also requests a preliminary "injunction barring Defendants from recognizing the Union as [his] exclusive representative . . . [and] barring Defendants from affording preferences to members of the Union."

On December 3, 2018, the District Court dismissed Reisman's suit under Federal Rule of Civil Procedure 12(b)(6). The next day, Reisman filed a notice of appeal. On December 14, 2018, Reisman filed a motion asking this Court for a summary disposition. He argued that this Circuit's binding precedent required us to affirm the District Court's decision and explained that a summary disposition would allow him to petition the Supreme Court for review more quickly. On February 6, 2019, we denied Reisman's motion. This appeal from the District Court's dismissal of his claims then followed. Our review is de novo. See Cunningham v. Nat'l City Bank, 588 F.3d 49, 52 (1st Cir. 2009); see also Doherty v. Merck & Co., 892 F.3d 493, 497 (1st Cir. 2018) (noting that "challenges to the constitutionality" of state statutes are reviewed de novo).

## II.

Reisman first contends that, under the statute, as a faculty member of the university he must accept AFUM as his personal representative by virtue of its being the exclusive bargaining agent for his bargaining unit. Reisman then argues

- 5 -

that by forcing him to accept AFUM as his personal representative, the statute impermissibly burdens his First Amendment speech and associational rights, because it permits AFUM to speak for him when he does not wish for it do so and compels him to associate with AFUM when he does not wish to do so. His argument relies, in large part, on Janus, in which the Supreme Court held that "public-sector agency-shop arrangements violate the First Amendment." 138 S. Ct. at 2478. According to Reisman, "the logic of Janus, as well as its application of that logic to the specific question of compelled union representation" demonstrates the constitutional problem with Maine's statute, though he is less clear in identifying the precise remedy that he seeks for the claimed violation.

Setting the question of remedy to the side, the defendants respond in part by arguing that Janus is plainly distinguishable, as it involved a First Amendment challenge to a statutory requirement that a public employee pay an agency fee to a union serving as the exclusive bargaining agent of a bargaining unit. See id. at 2459-60. There is, the defendants, contend, no comparable forced association or speech at issue here, as is shown in our decision in D'Agostino v. Baker, 812 F.3d 240, 244 (1st Cir. 2016) ("[E]xclusive bargaining representation by a democratically selected union does not, without more, violate the

right of free association on the part of dissenting non-union members of the bargaining unit.").

We will return to the question of Janus's reach in a moment. But, for present purposes, it is enough to focus on the defendants' additional contention that the statute, fairly read, simply does not support the premise of Reisman's constitutional challenge -- that it designates AFUM as his personal representative.

In contending otherwise, Reisman points out that the statute states that an exclusive bargaining agent must "represent all the university . . . employees within the [bargaining] unit without regard to membership in the organization." Me. Stat. tit. 26, § 1025(2)(E). He emphasizes, too, that the statute provides that "one of [the] primary purposes" of a "[b]argaining agent" is "the representation of employees in their employment relations with employers." Id. § 1022(1-B). And finally, Reisman notes that, under the statute, a union becomes an exclusive bargaining agent for a bargaining unit only when "a majority of . . . employees in an appropriate bargaining unit . . . wish to be represented for the purpose of collective bargaining." Id. § 1025(1). It is on the basis of these provisions that Reisman seeks to make the case that once AFUM became the exclusive bargaining agent for his bargaining unit, the statute transformed it, by operation of law, into his personal representative,

regardless of whether he agreed with its positions or whether he wished to associate with it. And thus, given his reading of the statute, he contends that it follows from Janus that the statute -- by forcing him to associate with AFUM -- violates the First Amendment no less than the statutory requirement to pay an agency fee that the Court struck down in that case.

Yet, we must read the individual provisions of the statute, including the provisions that Reisman seizes upon to mount his constitutional challenge, in the context of the statute as a whole and not in isolation. See Dickau v. Vt. Mut. Ins. Co., 107 A.3d 621, 628 (Me. 2014) ("[W]e examine the entirety of the statute, 'giving due weight to design, structure, and purpose as well as to aggregate language.'" (quoting Banknorth, N.A. v. Hart (In re Hart), 328 F.3d 45, 48 (1st Cir. 2003))). And, when we do, we conclude that the defendants have the better interpretation.

The statute repeatedly makes clear that a union that acts as an exclusive bargaining agent is "the representative of a bargaining unit." tit. 26, § 1025(2)(A) (emphasis added); see also id. § 1025(2)(B) ("The bargaining agent certified as representing a bargaining unit shall be recognized by the university . . . as the sole and exclusive bargaining agent for all of the employees in the bargaining unit." (emphasis added)); id. § 1037(1) ("The university, academy or community college shall provide to a bargaining agent access to members of the bargaining

- 8 -

unit that the bargaining agent exclusively represents." (emphasis added)). Moreover, the statute contains a number of provisions that preserve the rights of every employee to refrain from joining a union without fear of discrimination, see id. § 1023(2),[1] and to present their grievances to the university system without obtaining the permission of the bargaining agent, see id. § 1025(2)(E) (noting that an "employee may present at any time that employee's grievance to the employer and have that grievance adjusted without the intervention of the bargaining agent," so long as the requested relief is consistent with the collective bargaining agreement and a union representative is "given reasonable opportunity to be present" at the meeting). In addition, to ensure that no employee is discriminated against during collective bargaining on account of their union membership, the statute clarifies that the bargaining agent must bargain on behalf of all "employees within the unit without regard to membership in the organization." Id.

Considered in context, then, § 1025(2)(E) is not properly read to designate AFUM as Reisman's personal representative, as he contends. Rather, that provision merely

---

[1] The statute prohibits any "person" from acting to "interfere with, intimidate, restrain, coerce or discriminate against [an] . . . employee . . . in the free exercise of [his] right[], given by the section, to voluntarily . . . not join a union." Id. § 1023.

makes clear that a union, once it becomes the exclusive bargaining agent for a bargaining unit, must represent the unit as an entity, and not only certain of the employees within it, and then solely for the purposes of collective bargaining. Nor are the other provisions that Reisman relies on properly read to support his contention. In fact, their plain terms accord with this more limited understanding of the statute, see id. § 1022(1-B) (noting that a bargaining agent "has as one of its primary purposes the representation of employees in their employment relations with employers" (emphasis added)); id. § 1025(1) (stating that an "employee organization" may be voluntarily recognized as a unit's bargaining agent when it "alleg[es] that a majority of the . . . employees in an appropriate bargaining unit . . . wish to be represented for the purpose of collective bargaining" (emphasis added)).

If there were any doubt about the correctness of this construction, moreover, we would be in no position to discard it in favor of Reisman's. The text of the statute, when considered in its entirety, by no means compels his view, and the Attorney General of Maine plausibly contends that, under the statute, "the union is the agent for the bargaining unit, which is a distinct entity separate from the individual employees." See Forsyth Cty. v. Nationalist Movement, 505 U.S. 123, 131 (1992) ("In evaluating [appellant's] facial challenge, we must consider the [state's]

authoritative constructions of the ordinance, including its own implementation and interpretation of it."); Ward v. Rock Against Racism, 491 U.S. 781, 795 (1989) ("Administrative interpretation and implementation of a regulation are, of course, highly relevant to our analysis.").

Reisman does attempt to advance an alternative challenge in which he contends that, even if the statute merely makes the union the representative of his bargaining unit for purposes of collective bargaining, it still impermissibly burdens his First Amendment rights.  He argues that the distinction between having a union represent a bargaining unit as an entity in collective bargaining and having it represent the employees within the unit individually is "immaterial because . . . the representation of the 'unit as a whole' infringes the rights of all non-consenting members of that unit."  (Internal citation omitted).

But, the Supreme Court's decision in Minnesota State Board for Community Colleges v. Knight, 465 U.S. 271 (1984), which we cited favorably in response to a similar challenge in D'Agostino, 812 F.3d 240, would appear to dispose of this contention rather clearly.  The Supreme Court in Knight rejected a First Amendment challenge to a Minnesota law that provided for "exclusive representation of community college faculty," 465 U.S. at 278, for purposes of collective bargaining and "on matters related to employment that are outside the scope of mandatory

- 11 -

negotiations," id. at 274. We explained in D'Agostino that Knight held that there is "no violation of associational rights by an exclusive bargaining agent speaking for their entire bargaining unit when dealing with the state even outside collective bargaining." 812 F.3d at 243 (emphases added). And, as for Reisman's apparent compelled speech claim, D'Agostino found that Knight disposed of such a claim, too, for reasons worth quoting in full:

> No matter what adjective is used to characterize it, the relationship [between a bargaining unit and a bargaining agent] is one that is clearly imposed by law, not by any choice on a dissenter's part, and when an exclusive bargaining agent is selected by majority choice, it is readily understood that employees in the minority, union or not, will probably disagree with some positions taken by the agent answerable to the majority. And the freedom of the dissenting appellants to speak out publicly on any union position further counters the claim that there is an unacceptable risk the union speech will be attributed to them contrary to their own views; they may choose to be heard distinctly as dissenters if they so wish, and as we have already mentioned the higher volume of the union's speech has been held to have no constitutional significance.

Id. at 244.

To be sure, D'Agostino was decided prior to Janus. However, we are obliged to follow circuit precedent unless undermined by intervening Supreme Court precedent or some other

- 12 -

compelling authority.  See United States v. Barbosa, 896 F.3d 60, 74 (1st Cir. 2018), cert. denied, 139 S. Ct. 579 (2018).  And, as Janus focuses on the unconstitutionality of a statute that requires a bargaining unit member to pay an agency fee to her unit's exclusive bargaining agent, see 138 S. Ct. at 2478, we cannot say that precedent provides us with a basis for disregarding D'Agostino.  In any event, to the extent that Reisman adverted to this alternative theory in his opening brief, as opposed to merely in his reply brief and at oral argument, see Aulson v. Blanchard, 83 F.3d 1, 7 (1st Cir. 1996) ("[R]elief from an appellate court, requested for the first time in a reply brief, is ordinarily denied as a matter of course."); Bernardo ex rel. M & K Eng'g, Inc. v. Johnson, 814 F.3d 481, 492 n.17 (1st Cir. 2016) (noting that contentions "raised [] for the first time at oral argument . . . [are] waived"), he has waived it for lack of development on appeal. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

## III.

The District Court's judgment is **affirmed**.